```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA              :

        - v. -                        :

PEDRO VICIOSO DE LIMA,                :
    a/k/a "Pep,"
    a/k/a "Pepo,"
VICTOR HIDALGO,                       :
    a/k/a "Jordan,"
    a/k/a "Vico,"                     :
DAVID PEREZ,
    a/k/a "Bori,"                     :
    a/k/a "Macho,"
JACINTO GARCIA,                       :
    a/k/a "Cuba,"
SIXTO VANCAMPER-BRITO,                :   PROTECTIVE ORDER
    a/k/a "Cito,"
CESAR GIL,                            :   18 Cr. 802
    a/k/a "Ralphy,"                   :
JUAN GIL CABRAL,
    a/k/a "Menor,"                    :
ANTHONY BELLIARD,
    a/k/a "Jafet Montas,"             :
    a/k/a "Café,"
MAYRA MONSANTO,                       :
    a/k/a "La Flaca,"
RICKY ROSA,                           :
    a/k/a "Pra,"
    a/k/a "Black,"                    :
    a/k/a "Moreno,"
MINERVA VENTURA,                      :
    a/k/a "La Bori,"
MARK VIERA,                           :
    a/k/a "Leo,"
    a/k/a "Biz,"                      :
ROMEO SUNCAR,
    a/k/a "Stacks," and               :
ANTONIO YERIS ALMONTE,
    a/k/a "Ciobao,"                   :

                    Defendants.       :

- - - - - - - - - - - - - - - - - - - X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/18

WHEREAS, the United States of America seeks to provide in unredacted form certain evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure; and

WHEREAS, some material that the Government seeks to provide (i) contains sensitive information that affects the privacy and confidentiality, including personally identifiable information, of specific individuals; (ii) could jeopardize or impede, if prematurely disclosed, the Government's ongoing criminal investigations of additional uncharged individuals; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this action; and

WHEREAS, the Government is willing, under the conditions set forth below, to produce such materials;

IT IS HEREBY agreed, by and between the United States of America, Geoffrey S. Berman, United States Attorney, by Aline R. Flodr, Jessica Greenwood, and Dominic A. Gentile, Assistant United States Attorneys, of counsel, and defendants, PEDRO VICIOSO DE LIMA, a/k/a "Pep," a/k/a "Pepo," VICTOR HIDALGO, a/k/a "Jordan," a/k/a "Vico," DAVID PEREZ, a/k/a "Bori," a/k/a "Macho," JACINTO GARCIA, a/k/a "Cuba," SIXTO VANCAMPER-BRITO, a/k/a "Cito," CESAR GIL, a/k/a "Ralphy," JUAN GIL CABRAL, a/k/a "Menor," ANTHONY BELLIARD, a/k/a "Jafet

Montas," a/k/a "Café," MAYRA MONSANTO, a/k/a "La Flaca," RICKY ROSA, a/k/a "Pra," a/k/a "Black," a/k/a "Moreno," MINERVA VENTURA, a/k/a "La Bori," MARK VIERA, a/k/a "Leo," a/k/a "Biz," ROMEO SUNCAR, a/k/a "Stacks," and ANTONIO YERIS ALMONTE, a/k/a "Ciobao," by and through their respective counsel, that:

1(a). Any material reflecting (i) sensitive identification information (including, but not limited to, names, telephone numbers, addresses, email addresses, dates of birth, Social Security numbers, bank account information, credit card information, other sensitive financial information, and driver's license information) or (ii) that the government designates or has previously designated, as "Confidential Information" (which may include but is not limited to (a) material the disclosure of which the Government in good faith believes could jeopardize any ongoing criminal investigation or otherwise prejudice the due administration of justice or otherwise interfere with a fair trial, and (b) video recordings, photographs, audio recordings, judicially authorized wiretap recordings, wiretap applications, and line sheets and transcripts of judicially authorized wiretap recordings) is deemed "Confidential Information" and shall be so identified by the Government.

1(b).  Any defendant may object to the designation pursuant to paragraph 1 (a) of any material the Government designates, or previously has designated, as Confidential Information. In the event of such an objection, the Government and the defendant concerned shall meet and confer in an effort to resolve the issue. To whatever extent they fail to resolve the issue, the objector may file a motion for an order removing the designation from specified material. The Government thereupon will have the burden of justifying the continuation of that designation. The material shall remain designated as Confidential Information unless and until either (i) the Government and the defendant concerned agree otherwise or (ii) the Court rules to the contrary.

2.  Confidential Information disclosed to the defendants or to their counsel during the course of proceedings in this action:

(a)  Shall be used by the defendants and their counsel only for purposes of preparing for and conducting pre-trial proceedings, trial, and/or any appeal of this action;

(b)  Shall be maintained in a safe and secure manner solely by the defendants and their counsel, and the Confidential Information and the contents thereof shall not be

disclosed or otherwise shared in any form by the defendants or their counsel except as set forth in paragraph 2(c) below;

(c) May be disclosed by the defendants or their counsel only to the following persons (hereinafter "Designated Persons"):

i) investigative, secretarial, clerical, and paralegal student personnel, or any interpreter or translator, employed full-time or part-time by the defendants' counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendants' counsel in connection with this action;

(iii) potential witnesses, but only insofar as defense counsel may show the Confidential Information to potential witnesses without these individuals retaining copies of the Confidential Information; and

(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

(d) All documents subject to this Protective Order must be destroyed or returned to the Government's attorneys at such time as they are not needed in this action, at the end of the criminal proceedings (including any appeal and related applications for habeas corpus or any other

5

collateral relief), or upon Order of the Court, whichever occurs first.

3. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information or Sensitive Material pursuant to paragraph 2(c). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(c), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and providing such copy to the individual defendant's counsel, who shall retain such copy.

4. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or other pre-trial proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court for purposes of the above-referenced action. Confidential Information should be redacted from any public court filings, or should be filed under seal.

5. With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the

6

Federal Rules of Criminal Procedure.

Dated:   New York, New York
         December /0, 2018

SO ORDERED:

_____
HONORABLE COLLEEN MCMAHON
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

**Consent to Entry of Protective Order**

I, Anthony L. Ricco, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Pedro Vicioso De Lima.

_____
Anthony L. Ricco, Esq.
Attorney for Pedro Vicioso De Lima

8

## Consent to Entry of Protective Order

I, Sam A. Schmidt, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Victor Hidalgo-Mendoza.

_____
Sam A. Schmidt, Esq.
Attorney for Victor Hidalgo-Mendoza

## Consent to Entry of Protective Order

I, Ken Womble, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Jacinto Garcia.

_____
Ken Womble, Esq.
Attorney for Jacinto Garcia

### Consent to Entry of Protective Order

I, Karloff Commissiong, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Pedro Vicioso De Lima et al., 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Sixto Vancamper-Brito.

_____
Karloff Commissiong, Esq.
Attorney for Sixto Vancamper-Brito

**Consent to Entry of Protective Order**

I, John T. Zack, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Cesar Gil.

_____
John T. Zack, Esq.
Attorney for Cesar Gil

20

### Consent to Entry of Protective Order

I, Michael Sporn, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Juan Gil Cabral.

_____
Michael Sporn, Esq.
Attorney for Juan Gil Cabral

12

## Consent to Entry of Protective Order

I, Peter Brill, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Anthony Belliard.

_____
Peter Brill, Esq.
Attorney for Anthony Belliard

13

**Consent to Entry of Protective Order**

I, Cesar de Castro, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Mayra Monsanto.

_____
Cesar de Castro, Esq.
Attorney for Mayra Monsanto

14

## Consent to Entry of Protective Order

I, Edward V. Sapone, Esq., have read and reviewed the proposed Protective Order in the case of United States v. Pedro Vicioso De Lima et al., 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Ricky Rosa.

_____
Edward V. Sapone, Esq.
Attorney for Ricky Rosa

### Consent to Entry of Protective Order

I, Susan Kellman, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Minerva Ventura.

_____
Susan Kellman, Esq.
Attorney for Minerva Ventura

### Consent to Entry of Protective Order

I, Anthony Cecutti, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Mark Viera.

_____
Anthony Cecutti, Esq.
Attorney for Mark Viera

### Consent to Entry of Protective Order

I, Jesse M. Seigel, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Romeo Suncar.

_____
Jesse M. Seigel, Esq.
Attorney for Romeo Suncar

17

### Consent to Entry of Protective Order

I, Lisa Scolari, Esq., have read and reviewed the proposed Protective Order in the case of <u>United States</u> v. <u>Pedro Vicioso De Lima et al.</u>, 18 Cr. 802 (CM), and I consent to the entry of the Order on behalf of my client, Antonio Yeris Almonte.

_____
Lisa Scolari, Esq.
Attorney for Antonio Yeris Almonte

18