JAO9ROSP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          18 CR 802 (CM) (DF)

5   RICKY ROSA,

6              Defendant.

7   ------------------------------x

8                                          New York, N.Y.
                                           October 24, 2019
9                                          11:51 a.m.

10

    Before:
11
                        HON. DEBRA C. FREEMAN
12
                                           Magistrate Judge
13

14                        APPEARANCES

15  GEOFFREY S. BERMAN
         United States Attorney for the
16       Southern District of New York
    DOMINIC A. GENTILE
17       Assistant United States Attorney

18  EDWARD SAPONE
         Attorney for Defendant
19

20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

JAO9ROSP

1          (Case called)

2          MR. GENTILE:  Good morning, your Honor.  Dominic

3   Gentile for the United States.

4          MR. SAPONE:  Good morning, your Honor.  Edward Sapone

5   for Ricky Rosa, who is standing to my right and ready to

6   proceed.

7          THE COURT:  Good morning.  At least it is still

8   morning.

9          My apologies for running late.  We seem to have run

10  into a few obstacles this morning.

11         MR. SAPONE:  No worries.  Thank you.

12         THE COURT:  So this matter was referred by Judge

13  McMahon for a plea and I understand that defendant wishes to

14  enter a plea to a lesser-included offense to Count One of the

15  indictment; is that right?

16         MR. SAPONE:  That's correct, your Honor.  It's 21

17  U.S.C. 841(b)(1)(C) the lesser-included offense of the

18  (b)(1)(A) offense that's charged in the superseding indictment.

19         THE COURT:  Superseding indictment?

20         MR. GENTILE:  Just an indictment.

21         MR. SAPONE:  Conflating cases.  It's just an

22  indictment.

23         THE COURT:  Mr. Rosa.

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  The indictment in this case charges you

JAO9ROSP

1    with a felony crime; for that matter, the lesser-included

2    offense would also be a felony crime.  And you have a right to

3    a trial on the charge before a United States district judge.

4    If you are found guilty, you will be sentenced by a United

5    States district judge.  And ordinarily a defendant who wishes

6    to enter a plea to this type of charge would do that before the

7    district judge as well.  If it's a plea of guilty, the judge

8    would then conduct the so-called plea allocution which is the

9    question and answer session that must accompany the entry of a

10   guilty plea.

11           With the defendant's consent, however, a United States

12   magistrate judge such as myself also has the authority to take

13   a plea.  If you were to consent to proceed before a magistrate

14   judge for the purpose of entering a plea, you would receive all

15   of the same procedural protections as you would receive if you

16   were proceeding before the district judge.

17           Do you understand that?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Is it your wish to consent to proceed

20   before a magistrate judge for the purpose of entering a plea?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  I have a consent form that's been handed

23   up.  It's entitled consent to proceed before a United States

24   magistrate judge on a felony plea allocution.

25           Did you sign this form?

JAO9ROSP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Before you signed it, did you discuss it

3     with your attorney?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  Did he explain it to you?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Have any threats or promises of any kind

8     been made to cause you to agree to this procedure today?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  I will accept the consent.

11             MR. SAPONE:  Thank you, your Honor.

12             THE COURT:  You're welcome.

13             In order to take your plea, Mr. Rosa, I need to ask

14     you some questions for which I need to place you under oath.

15             (Defendant sworn)

16             Please state your full name for the record

17             THE DEFENDANT:  Ricky Rosa.

18             THE COURT:  Are you a United States citizen?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  How old are you?

21             THE DEFENDANT:  I am 33 years old.

22             THE COURT:  How far did you go in school?

23             THE DEFENDANT:  As far as sophomore year, tenth grade.

24             THE COURT:  Tenth grade?

25             THE DEFENDANT:  Yes, your Honor.

JAO9ROSP

1              THE COURT:  Did you not finish high school because of

2     any learning difficulties or difficulties understanding in

3     school or were there other reasons?

4              THE DEFENDANT:  No.

5              MR. SAPONE:  A moment, your Honor.

6              (Counsel and defendant confer)

7              THE DEFENDANT:  No, your Honor.

8              THE COURT:  There were other reasons why you left

9     school?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Are you now or have you recently been

12    under the care of a doctor for any reason?

13             THE DEFENDANT:  No, your Honor.

14             THE COURT:  How about a psychiatrist or psychologist?

15             THE DEFENDANT:  No, your Honor.

16             THE COURT:  Do you take any medication?

17             THE DEFENDANT:  No.

18             THE COURT:  Do you have any condition that affects

19    your ability to see or to hear?

20             THE DEFENDANT:  No, your Honor.

21             THE COURT:  Do you have any condition that affects

22    your ability to think or to reason or understand or make

23    decisions or judgments on your own behalf?

24             THE DEFENDANT:  No.

25             THE COURT:  Have you ever been treated for drug

JAO9ROSP

| | |
|---|---|
| 1 | addiction or alcoholism? |
| 2 | THE DEFENDANT:  No. |
| 3 | THE COURT:  As you appear before me today are you |
| 4 | under the influence of any kind of drugs or alcohol or |
| 5 | medication? |
| 6 | THE DEFENDANT:  No, your Honor. |
| 7 | THE COURT:  Is your mind clear today? |
| 8 | THE DEFENDANT:  Yes, your Honor. |
| 9 | THE COURT:  Do you generally feel all right today? |
| 10 | THE DEFENDANT:  Yes, ma'am.  Yes, your Honor. |
| 11 | THE COURT:  Do you have any trouble understanding the |
| 12 | questions I'm asking you? |
| 13 | THE DEFENDANT:  Not at all, your Honor. |
| 14 | THE COURT:  Have you received a copy of the indictment |
| 15 | in this case? |
| 16 | THE DEFENDANT:  Yes, I have, your Honor. |
| 17 | THE COURT:  Have you had a chance to read it or do you |
| 18 | want me to take the time to read it to you? |
| 19 | THE DEFENDANT:  I had a chance to read it. |
| 20 | THE COURT:  You understand what it says you did? |
| 21 | THE DEFENDANT:  Yes, your Honor. |
| 22 | THE COURT:  Have you had enough time to talk to your |
| 23 | attorney about the charge against you and about how you wish to |
| 24 | plead? |
| 25 | THE DEFENDANT:  Yes, your Honor. |

JAO9ROSP

1          THE COURT:  Are you satisfied with the representation

2     and advice given to you by your attorney?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Are you ready to enter a plea?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  So the charge that is stated in the

7     indictment itself is an alleged violation of Title 21 of the

8     United States Code Section 846 which makes it a crime to

9     conspire with others to violate the narcotics laws of the

10    United States, and it specifically implicates Title 21 of the

11    United States Code Sections 841(a)(1) and 841 (b)(1)(A) in that

12    it's charged that this was a conspiracy to distribute and

13    possess with intent to distribute one kilogram and more of

14    heroin.

15          I understand that you are wishing to enter a plea to a

16    violation of Title 21 of the United States Code Section 846, in

17    other words a drug conspiracy charge, but one that implicates

18    sections 841(a)(1) and 841(b)(1)(C) in that it would be a

19    conspiracy to distribute and possess with intent to distribute

20    heroin without that one-kilogram quantity; is that correct?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  How do you wish to plead to the

23    lesser-included offense, guilty or not guilty?

24          THE DEFENDANT:  Guilty, your Honor.

25          THE COURT:  Because you are proposing to enter a

JAO9ROSP

guilty plea, I have to ask you some additional questions to be
sure that you understand the nature of this charge to which
you're pleading and the consequences of your plea and also to
ensure that your plea is voluntary.

First, I want you to understand that if convicted of
this charge, the lesser-included offense, you could face a
maximum sentence -- maximum term of imprisonment of 20 years; a
maximum term of supervised release of life; a mandatory minimum
term of supervised release of three years; a maximum fine of
the greatest of one million dollars or twice the gross
pecuniary gain or monetary gain that you derived from the
offense or twice the gross pecuniary loss to persons other than
yourself resulting from the offense; and a mandatory special
assessment of one hundred dollars.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you also understand that if convicted
of this crime the court may order you to pay restitution to any
victims of the crime?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you also understand that if you are
convicted you could be required to forfeit all property, real
and personal, that constitutes or derives from proceeds
traceable to your crime?

THE DEFENDANT:  Yes, your Honor.

JAO9ROSP

1          THE COURT:  Do you also understand that if as part of

2     your sentence you are placed on a term of supervised release

3     and you then violate any condition of that release your

4     supervised release may be revoked and you may face an

5     additional term of imprisonment?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that if that should

8     happen, in other words if your supervised release were to be

9     revoked, the court may order you to serve in prison all or part

10    of the term of supervised release that's authorized by law for

11    this offense without giving you credit for time you may have

12    already served on supervised release?

13         THE DEFENDANT:  Yes, your Honor.

14         THE COURT:  Do you understand that you have a right to

15    plead not guilty to the charges against you and you have the

16    right to a speedy and public trial and a jury trial if you

17    wish?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Do you understand that if you previously

20    entered a plea of not guilty to the charge in the indictment

21    you are not now required to change your plea?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  Do you understand that if you were to go

24    to trial the burden would be on the government to prove your

25    guilt by competent evidence beyond a reasonable doubt?

JAO9ROSP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Do you understand that if you were to go

3     to trial you would be presumed to be innocent unless and until

4     the government did prove your guilt beyond a reasonable doubt?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you understand that if you were to go

7     to trial by jury, a jury composed of twelve people selected

8     from this district would have to agree unanimously that you are

9     guilty?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  Do you understand that at a trial you

12     would be entitled to be represented by an attorney and, if you

13     could not afford to hire one, an attorney would be provided to

14     you free of charge?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that your right to be

17     represented by counsel and, if necessary, to have the court

18     appoint counsel for you applies not only to trial itself but

19     also to every other stage of the proceedings against you?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Do you understand that at a trial you

22     would be entitled through your attorney to cross-examine any

23     witnesses called by the government to testify against you?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  Do you also understand that at a trial you

JAO9ROSP

1   would be entitled to testify and to present witnesses on your

2   own behalf and evidence on your own behalf?

3          THE DEFENDANT:  Yes, your Honor.

4          THE COURT:  Do you understand that this means you

5   would have the right to call witnesses to testify on your

6   behalf?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Do you also understand that you would be

9   entitled to have the court issue subpoenas to compel witnesses

10   to appear to testify at trial?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Do you understand that at a trial you

13   would not be required to incriminate yourself; that is, you

14   would not be required to testify against yourself?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that this means that at

17   a trial you would have the right to testify if you wanted to do

18   so but no one could force you to testify if you did not want to

19   do so and furthermore no inference or suggestion of guilt could

20   be drawn if you chose not to testify at trial?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Do you understand that if you go forward

23   with your guilty plea you will be giving up all of these types

24   of protections that I've just described including your very

25   right to a trial and the only remaining step will be the

JAO9ROSP

imposition of sentence by the district judge in this case who

is Judge McMahon?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that if any of the

answers that you give me today prove to be untruthful you could

face a separate prosecution for perjury or making a false

statement to the court?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that if you plead guilty

and your guilty plea is accepted and you are adjudged guilty,

that adjudication may deprive you of valuable civil rights such

as the right to vote or to hold public office or to serve as a

juror or to possess a firearm?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  In light of everything I've told you so

far do you still wish to plead guilty?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that the decision as to

the appropriate sentence in your case will be entirely up to

Judge McMahon?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that Judge McMahon will

have discretion in determining your sentence and that her

discretion will be limited only by what the law requires for

the particular offense to which you are pleading?

JAO9ROSP

1              THE DEFENDANT:  Yes, your Honor.

2              THE COURT:  Do you understand that with respect to

3       your sentence the court will have the authority to impose an

4       order of restitution and the obligation to impose a special

5       assessment?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Do you also understand that in determining

8       your sentence the court will have the obligation to calculate

9       the so-called sentencing guidelines and to consider them even

10      though it will not be required to sentence you within the

11      guidelines range?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  Have you and your attorney had a chance to

14      talk about how the guidelines may be calculated in your case?

15             THE DEFENDANT:  Yes, we have, your Honor.

16             THE COURT:  Do you understand that the court will not

17      be able to determine the guidelines for your case until after a

18      presentence report has been completed and both you and the

19      government have had the chance to challenge the facts reported

20      there by the probation officer?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Do you understand that even after the

23      guidelines calculation has been made for a case the sentencing

24      judge will have the authority to impose a sentence that is

25      either less severe or more severe than the sentence recommended

JAO9ROSP

1   by the guidelines as long as it's within the statutory maximum

2   for the charged crime?

3           THE DEFENDANT:  Yes, your Honor.

4           THE COURT:  Do you understand that in addition to

5   considering the sentencing guidelines the court will also have

6   to consider possible departures from the guidelines and a

7   number of different factors in deciding on the appropriate

8   sentence to impose in your case?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Have you and your attorney had a chance to

11  talk about the various factors that are listed in the relevant

12  provision of law that's Title 18 of the U.S. Code Section

13  3553(a) and about how those different factors may apply to you

14  in your particular case?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  Do you understand that those factors

17  include but are not limited to the actual conduct in which you

18  engaged, the victim of the offense, the role you played in the

19  offense, whether or not you've accepted responsibility for your

20  acts, whether you have any criminal history, and whether you

21  have engaged in any obstruction of justice?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Do you understand that even if you end up

24  shocked and disappointed by your sentence you will still be

25  bound by your guilty plea?

JAO9ROSP

1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  Do you understand that under some

3    circumstances you or the government may have the right to

4    appeal the sentence that is imposed?

5        THE DEFENDANT:  Yes, your Honor.

6        THE COURT:  Do you understand that there is no parole

7    in the federal system and that if you are sentenced to prison

8    you will not be released on parole?

9        THE DEFENDANT:  Yes, your Honor.

10        THE COURT:  Understanding everything I have just told

11    you, do you still wish to plead guilty?

12        THE DEFENDANT:  Yes, your Honor.

13        THE COURT:  I have a copy of a plea agreement in this

14    case.  It's a letter dated October 17, 2019 from the Office of

15    the United States Attorney to your counsel.  Did you sign this

16    plea agreement?

17        THE DEFENDANT:  Yes, your Honor.

18        THE COURT:  Before you signed it, did you discuss it

19    with your attorney?

20        THE DEFENDANT:  Yes, I did, your Honor.

21        THE COURT:  Did he explain to you all of its terms and

22    conditions?

23        THE DEFENDANT:  Yes, your Honor.

24        THE COURT:  In reviewing the plea agreement I note

25    that it contains an analysis as to how the sentencing

JAO9ROSP

guidelines may impact on any prison term that may be imposed in
your case.  Based on that analysis the agreement states the
conclusion that if the guidelines were applied you could expect
the range for a prison sentence to be from 168 to 210 months.

        Do you understand that?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand the agreement also
states the conclusion that under the guidelines the applicable
range for a fine in your case will be anywhere from $35,000 to
$1 million?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that Judge McMahon is
not bound by the guidelines analysis contained in the plea
agreement and that she will do her own analysis which may
result in a guidelines range that is different from the one
stated in the plea agreement?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that even if Judge
McMahon agrees with the guidelines analysis contained in the
plea agreement and therefore concludes that under the
guidelines the range for a prison term in your case would be
from 168 to 210 months, she would still be free to impose a
sentence of less than 168 or more than 210 months?

        THE DEFENDANT:  Yes, your Honor.

        THE COURT:  Do you understand that under the terms of

JA09ROSP

1   this plea agreement you are agreeing not to seek a so-called

2   departure from the stated guidelines range even though you are

3   reserving your right to seek a sentence outside the guidelines

4   based on those factors listed in Section 3553(a)?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Do you understand that under the terms of

7   this plea agreement as long as you are sentenced to no more

8   than 210 months you are giving up your right to challenge your

9   prison sentence both by appeal to the Court of Appeals and also

10  by any further application to this court?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you also understand that under the

13  terms of the plea agreement you are agreeing not to appeal any

14  term of supervised release that is less than or equal to the

15  statutory maximum of life?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you also understand that you are

18  agreeing not to appeal any fine that is imposed upon you that

19  is less than or equal to $1 million?

20         THE DEFENDANT:  Yes, your Honor.

21         THE COURT:  Do you understand that under the terms of

22  this plea agreement you are admitting the forfeiture allegation

23  contained in the indictment and you are agreeing to forfeit to

24  the United States all property, real or personal, constituting

25  or derived from any proceeds that you obtained as a result of

JAO9ROSP

1  the offense and any and all property used and intended to be

2  used in any way to commit or facilitate the commission of the

3  offense to which you are pleading?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you understand that under the terms of

6  this plea agreement even if it turns out -- even if it turns

7  out that the government illegally withheld from your counsel

8  certain information that would be helpful to you in defending

9  yourself at trial you're giving up your right to complain about

10 that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Counsel, I note that the plea agreement

13 contains a provision regarding potential immigration

14 consequences of the plea.  Do either counsel have any reason to

15 believe this defendant is not a United States citizen as he has

16 said?

17         MR. GENTILE:  No, your Honor.

18         MR. SAPONE:  There is no reason to believe that, your

19 Honor.

20         THE COURT:  Mr. Rosa, I want you to understand that

21 there is no reason for me to believe that you're not a United

22 States citizen.  You've told me that you are.  Nonetheless,

23 just in excess of caution in case that is not true, I'm going

24 to make sure you understand that if you're not a United States

25 citizen there could be immigration consequences to your plea.

JAO9ROSP

1              Do you understand that?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that if you are not, in

4    fact, a United States citizen the fact of your plea and

5    presumably the conviction that would follow could result in

6    your being removed from the United States; that removal in the

7    circumstances involving this crime could be mandatory; that you

8    could be prohibited from returning to the country and from

9    obtaining citizenship status in the future?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Do you also understand that under the

12   terms of this plea agreement you are agreeing to be bound by

13   your guilty plea regardless of any immigration consequences or

14   even perceived immigration consequences of the plea?

15             THE DEFENDANT:  Yes, your Honor.

16             THE COURT:  Do you understand that this means that you

17   are agreeing not to seek to withdraw your plea or to challenge

18   your plea, your conviction, or your sentence based on any such

19   consequences of perceived consequences?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Before I go further are there any other

22   particular provisions of the plea agreement that either counsel

23   would like me to review with Mr. Rosa to make sure he

24   understands?

25             MR. GENTILE:  Not from the government, Judge.

JAO9ROSP

1          MR. SAPONE:  No, thank you, your Honor.

2          THE COURT:  All right.  Mr. Rosa, apart from what is

3    in the plea agreement itself have any promises of any kind been

4    made to you to influence you to plead guilty?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Have any promises been made to you

7    regarding the actual sentence you will receive?

8          THE DEFENDANT:  No, your Honor.

9          THE COURT:  Do you understand that no one, including

10   your attorney or the government or this court, can give you any

11   assurance as to what your sentence will be, as your sentence

12   will be determined solely by the sentencing judge after that

13   judge has ruled on any challenges to the presentence report,

14   has calculated the sentencing guidelines, and has determined

15   whether there are grounds to adjust the guidelines range or to

16   sentence you outside of that range?

17         THE DEFENDANT:  Yes, your Honor.

18         THE COURT:  Have any threats been made against you

19   either directly or indirectly to influence how you plead today?

20         THE DEFENDANT:  No, your Honor.

21         THE COURT:  Is your plea voluntary and made of your

22   own free will?

23         THE DEFENDANT:  Yes, your Honor.

24         THE COURT:  Before I ask you to explain what you did

25   let me ask the government please to summarize the elements that

JAO9ROSP

1     it would need to establish at trial to sustain the charge.

2              MR. GENTILE:  Certainly, Judge.

3              There are three elements to the offense charged in

4     Count One.  The first element is that the defendant and at

5     least one other person agreed to violate the federal narcotics

6     laws; the second element is that the defendant knowingly and

7     voluntarily participated in the conspiracy; and the third

8     element is that the conspiracy involved a controlled substance.

9              The government would also have to prove by a

10    preponderance of the evidence that venue was proper in the

11    Southern District of New York.  Here, the conduct complained of

12    occurred in Manhattan.

13             THE COURT:  All right.

14             Mr. Rosa, did you just now hear the attorney for the

15    government summarize the elements of the crime that it would

16    have to prove at trial in order to obtain a conviction against

17    you on the charge?

18             THE DEFENDANT:  Yes, your Honor.

19             THE COURT:  Do you understand that the government

20    would have to prove each of the elements of the crime beyond a

21    reasonable doubt in order to prevail in its case?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Do you still wish to proceed with your

24    plea?

25             THE DEFENDANT:  Yes, your Honor.

JAO9ROSP

1          THE COURT:  All right.  Then did you, in fact, commit

2     the offense, the lesser-included offense to Count One of the

3     indictment?  Of the indictment, right.

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Could you please tell us in your own words

6     what you did that makes you guilty of this crime.

7          MR. SAPONE:  Your Honor, Mr. Rosa and I had prepared

8     for his allocution and he has a written statement here that I

9     helped him prepare.  These are his words.  With the Court's

10    permission could he read nice and slowly and loudly from his

11    document?

12         THE COURT:  Of course.

13         MR. SAPONE:  Thank you, your Honor.

14         THE COURT:  You're welcome.

15         THE DEFENDANT:  Between the years 2016 and 2018 I

16    agreed with other people to possess and distribute heroin in

17    Manhattan, New York.  I did this intentionally and I knew what

18    we were doing was illegal.  As part of this agreement I sold

19    heroin in Manhattan.

20         THE COURT:  When you said you agreed with at least one

21    other or other people to possess and distribute heroin, did you

22    understand that the drug that you were agreeing to possess and

23    distribute was heroin?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Do either counsel believe any additional

JAO9ROSP

1    facts need to be elicited for a satisfactory allocution?

2              MR. GENTILE:  No, Judge.

3              MR. SAPONE:  No, your Honor.

4              THE COURT:  Two final questions for both counsel.

5    One, do you believe there are any additional questions of any

6    kind that I should be asking Mr. Rosa today; and second, do

7    either of you know any reason I should not recommend acceptance

8    of this plea?

9              MR. GENTILE:  No, your Honor.

10             THE COURT:  No to both questions?

11             MR. GENTILE:  No to both questions.

12             MR. SAPONE:  No to both questions, your Honor.  Thank

13   you.

14             THE COURT:  All right.  Based on my colloquy with

15   Mr. Rosa, I conclude that he does understand the nature of the

16   charge to which he is pleading and the consequences of his

17   plea.  I am also satisfied that his plea is voluntary and that

18   there is a factual basis for the plea.  I'll also note for the

19   record that I see no issue here with respect to Mr. Rosa's

20   competence to enter a plea.  He seemed fully able to

21   participate in these proceedings today.

22             Accordingly, I hereby recommend that Judge McMahon

23   accept the proffered plea to the lesser-included offense to

24   Count One of the indictment in 18 CR 802.

25             Has Judge McMahon set a sentencing date?

JAO9ROSP

1          MR. GENTILE:  She has not, your Honor.  We would ask

2     for a control date to be set.

3          THE COURT:  January 22 is a control date.  Please be

4     in touch with her chambers.

5          Is there any issue here as to bail?

6          MR. GENTILE:  No, your Honor.

7          THE COURT:  All right.  I'm going to ask the

8     government to prepare the prosecution case summary for purposes

9     of the presentence report and to deliver it to probation no

10    later than 14 days from today.

11         I'm also going to ask defense counsel to contact

12    probation to schedule a presentence interview of your client to

13    be held within that same two-week window.  Please make yourself

14    available for that interview so the matter can be moved

15    forward.

16         I assume the government will order a copy of the

17    transcript of this allocution.

18         MR. GENTILE:  That's correct, Judge.

19         THE COURT:  Please submit that together with any

20    necessary additional paperwork to Judge McMahon so that she may

21    act on my recommendation.

22         Is there anything else?

23         MR. GENTILE:  No, Judge.

24         MR. SAPONE:  No.  I'll be contacting probation.

25         One thing, your Honor.  I was remiss in not

JAO9ROSP

1    introducing your Honor to Mr. Rosa's family who has been here

2    and they have been to all the appearances.  And I just want you

3    to know that he they have been here to support him.

4              Thank you for your time.

5              THE COURT:  Thank you to your family members for your

6    presence.  Your presence is always welcome, appreciated and

7    important.  I'm sure it's particularly important to Mr. Rosa.

8              Anything else?

9              MR. GENTILE:  No, Judge.

10             MR. SAPONE:  No.  Thank you, your Honor.

11             THE COURT:  All right.  Best of luck to you, Mr. Rosa.

12             THE DEFENDANT:  Thank you, your Honor.

13             THE COURT:  You're welcome.

14             (Adjourned)

15

16

17

18

19

20

21

22

23

24

25